# SAN BERNARDINO COUNTY *v.* SOUTHERN PACIFIC RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE. DISTRICT OF CALIFORNIA.

Argued January 27, 28, 29, 1886.—Decided May 10, 1886.

This case differs from *Santa Clara County* v. *Southern Pacific Railroad Company, ante* 394, only in this:—that after entry of judgment defendant below paid the taxes claimed under a stipulation that the payment should be " without prejudice to the right of the plaintiff in the case to proceed for penalties, interest, and attorney's fees claimed." *Held* that, as the plaintiff would not have been entitled to judgment for the taxes originally claimed, it could not have judgment in its favor for penalty, interest, and. attorney's fees.

The case is stated in the opinion of the court.

*Mr. E. C. Marshall,* Attorney General of California, for plaintiff in error.

*Mr. S. W. Sanderson, Mr. George F. Edmunds,* and *Mr. William M. Evarts* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This action was brought in the Superior Court of San Bernardino, California, for the recovery of certain taxes, county and State, alleged to be due from the Southern Pacific Railroad Company for the fiscal year of 1880–1881. The amount claimed for county taxes is $8785.90; that claimed for State taxes is $4608.99. For each sum judgment is asked, with five per cent. penalty, interest on the taxes and penalty at the rate of two per cent. per month from December 26, 1880, and costs of advertising.

The complaint alleges that the taxes were duly assessed and levied upon " forty-eight $\frac{88}{100}$ miles of the roadway, road-bed, and rails of said defendant, assessed at ten thousand eight hundred dollars per mile;" upon its rolling-stock, " assessed at nineteen hundred and thirty-three $\frac{15}{100}$ dollars per mile;" and upon its franchise, assessed at $2000 per mile. It also alleges that the whole of the defendant's property, so far as its franchise, roadway, rails, road-bed, and rolling-stock in California are concerned, was assessed for the period named at $10,483,-518, the length of the defendant's road in the State being seven hundred and eleven $\frac{56}{100}$ miles.

An answer was filed similar to those in the cases of *The County of Santa Clara, &c.* v. *Railroad Companies,* just decided, *ante* 394. This case was removed to the Circuit Court of the United States upon the same grounds as those presented in the other cases.

The facts specially found by that court are, in all material respects, like those found in the former cases. The copy of the assessment roll for San Bernardino County, introduced at the trial below, is not, so far as it bears upon this case, materially different from that for Fresno and Santa Clara Counties, set forth in the report of the other cases.

For the reasons given in the opinions delivered in the Circuit Court in the former cases, reported as *Santa Clara Rail-*

*road Tax Cases,* 9 Sawyer, 165, 210, judgment was given for the defendant.

But the bill of exceptions further states :

" That, after said judgment was ordered, the defendant, being minded to pay, notwithstanding the fact that the tax had been declared invalid, the full amount of said tax due, without penalty, interest, or counsel fees, and to leave the question of its liability for said penalty, interest, and counsel fees to be finally determined by the Supreme Court of the United States in cases already pending there, or in this case if appealed or taken there upon a writ of error, agreed, for the purposes aforesaid, that the judgment in its favor might be set aside and judgment in favor of the plaintiff be entered for the full amount of said tax, less penalties, interest, and counsel fees ; which was done.

" And be it further remembered, that, before said judgment for the defendant was set aside, and in open court, it was stipulated and agreed by and between the attorneys for the plaintiff and defendant, that if said judgment was set aside and judgment for the plaintiff entered as aforesaid, the said defendant should not be deemed to have admitted thereby the validity of the taxes claimed or any part thereof, nor should said judgment be treated, upon an appeal or proceedings under writ of error, as a consent judgment ; defendant then and there expressly waiving that point, if point it was.

"And be it further remembered, that the object and purpose of the proceeding then had was to enable the defendant to pay into the State and county treasuries on account the sum for which the judgment was rendered, without prejudice to the right of the plaintiff in the case to proceed for penalties, interest, and attorney's fees claimed, and in order that the litigation might be brought to a speedy conclusion.

" The plaintiff tenders this its bill of exceptions, which, being agreed to by the respective attorneys for the parties, is allowed, signed, sealed, and made a part of the record of the court."

The record also shows that in forty suits, heard with this one, brought in the name of different counties, and of the State, against the Southern Pacific Railroad Company,

the Central Pacific Railroad Company, and the Northern Railway Company, to recover like taxes, alleged to be due to counties and to the State, judgments were ordered for the respective defendants; that thereafter a stipulation, signed by the attorney of the several defendants in those cases and by the attorney general of the State, was filed, in which it is recited that the defendants, "notwithstanding the fact that the taxes therein sued for have been declared invalid, being minded to pay portions of the sums claimed," agree that judgments in favor of the plaintiffs might be entered for certain sums, being, as we suppose, the amount of the taxes sued for in the respective actions, less the penalties, interest and counsel fees therein claimed.

On the 8th of December, 1885, the following stipulation was filed in the court below, and a printed copy thereof filed in this case here:

"In the Circuit Court of the United States, Ninth Circuit, District of California.

"The County of San Bernardino, Plaintiff,
        vs.                                     } No. 2757.
"The Southern Pacific Railroad Company Defendant. }

"It is hereby stipulated, between the parties to the above-entitled action, that for the fiscal year 1880–1881 the principal of the tax claimed to be due by plaintiff from defendant for State and county purposes amounted to $13,394.88; that before judgment was entered herein in this court—from which judgment a writ of error has been taken—there had been paid on account of such taxes to the plaintiff herein, through its county officers, the sum of $4932.40, leaving a balance due of $8462.48, for which said sum judgment was taken.

"That for the fiscal year 1881–1882, the principal of the tax claimed to be due by plaintiff, The County of San Bernardino, from defendant for State and county purposes, was $16,347.87; that before judgment was entered in the action brought to recover such taxes, the defendant therein, The Southern Pacific Railroad Company, paid to the plaintiff, through its county officers, on account of such taxes, the sum of $6518.20, and judgment was taken in said action for the balance, $9829.67.

" That for the fiscal year 1882 the total amount claimed by said county from defendant, The Southern Pacific Railroad Company, for State and county purposes, was $9631.45; that no payment had been made on account of said taxes, and judgment was, therefore, taken for the full amount.

" That in the three actions brought to recover taxes claimed to be due to the county of San Bernardino from the defendant herein, the total amount claimed as principal of State and county taxes, when the aforesaid judgments were entered, was $27,923.60, which amount was, upon the rendition of said judgments, paid in full to the attorney general, attorney for plaintiff, and by him subsequently paid into the county treasury of San Bernardino County, as directed by law, for the use and benefit of the State and of the county, and that said payment, together with the sums which had, prior thereto, been paid by said defendant, The Southern Pacific Railroad Company, on account of said taxes, constituted payment in full of the principal of all State and county taxes claimed to be due for the three years aforesaid.

" (Signed)           E. C. MARSHALL,
*Att'y Genl. Cal. and Att'y for Pl'ff.*
P. D. WIGGINGTON,
*Att'y for Defendant.*"

As it appears that the taxes, for the recovery of which this suit was brought, have, through the action of the attorney general of California, been received by the plaintiff for the use of and benefit of itself and the State, the only question which remains to be determined is as to the defendant's liability for the statutory penalty, interest, and attorney's fees. There is no substantial difference, upon the facts, between this case and that of the *County of Santa Clara* v. *Railroad Companies,* just determined; for, in this case, as in the others, the assessment—upon which the taxes sued for depend for their validity—improperly included fences, erected upon the line between the railroad and the lands of adjacent proprietors, at the rate of $300 per mile. For the reasons given in the opinion in the other cases—which are equally applicable here—that assessment must be held to

be insufficient as a basis for judgment against the company. As upon this ground judgment might have been rendered for the defendant, it is unnecessary to consider other questions determined by the court below, and discussed by counsel who appeared in this court.

The plaintiff not, then, being entitled to judgment for the taxes originally in question, and the parties having stipulated that the judgment entered for the plaintiff, with the consent of the defendant, should not be treated as an admission by the latter of the validity of the taxes claimed, it follows that the plaintiff cannot have judgment in its favor for penalty, interest, and attorney's fees. Apart from every other view, the defendant could not be adjudged liable for penalty, interest, or attorney's fees for not paying taxes arising out of an invalid assessment, and which, under the law, were not collectible by suit.

*Judgment affirmed.*

Mr. Justice Field, concurring.

I agree to the judgment of the court in this as also in the other tax cases from California. But I regret that it has not been deemed consistent with its duty to decide the important constitutional questions involved, and particularly the one which was so fully considered in the Circuit Court, and elaborately argued here, that in the assessment, upon which the taxes claimed were levied, an unlawful and unjust discrimination was made between the property of the defendant and the property of individuals, to its disadvantage, thus subjecting it to an unequal share of the public burdens, and to that extent depriving it of the equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution. At the present day nearly all great enterprises are conducted by corporations. Hardly an industry can be named that is not in some way promoted by them, and a vast portion of the wealth of the country is in their hands. It is, therefore, of the greatest interest to them whether their property is subject to the same rules of assessment and taxation as like property of natural persons, or whether elements which affect the valuation of property are to be omitted from consideration

when it is owned by them, and considered when it is owned by natural persons; and thus the valuation of property be made to vary, not according to its condition or use, but according to its ownership. The question is not whether· the State may not claim for grants of privileges and franchises a fixed sum per year, or a percentage of earnings of a corporation—that is not controverted—but whether it may prescribe rules for the valuation of property for taxation which will vary according as it is held by individuals or by corporations. The question is of transcendent importance, and it will come here and continue to come until it is authoritatively decided in harmony with the great constitutional amendment which insures to every person, whatever his position or association, the equal protection of the laws; and that necessarily implies freedom from the imposition of unequal burdens under the same conditions. *Barbier* v. *Connolly*, 113 U. S. 27, 31.

Much as I regret that the question could not now be decided, I recognize fully the wisdom of the rule that the constitutionality of State legislation will not be considered by the court unless by the case presented its consideration is imperatively required. Although the objection, that in the assessment of the roadway there was included property not appertaining to it, was raised in the answer and taken on the trial, the point was not discussed by counsel, as the constitutional questions were deemed of far greater importance. The attention of the court was specially directed to them, and thus the minor point was left undetermined.

After judgment had been entered in favor of the defendant on the ground that the assessment upon which the taxes claimed were levied was illegal, it entered into an agreement with the attorney general of the State to allow the judgment to be set aside and a judgment to be entered in favor of the plaintiff for the face of the taxes claimed, and to leave the question of its liability for the penalty, interest, and counsel fees to be finally determined by the Supreme Court. It is stated in the record that the object and purpose of the proceeding was " to enable the defendant to pay into the State and county treasuries, *on account*, the sum for which the

judgment was rendered, without prejudice to the right of the plaintiff in the case to proceed for penalties, interest, and attorney's fees claimed, and in order that the litigation might be brought to a speedy conclusion." It is also suggested that the same amount of taxes, if not recoverable when levied upon the property, might under the Constitution be recovered in another action when levied upon the mortgage; and in that event that the company could claim a credit from the mortgagees for the payment. The motives of the company in this matter, however, do not affect the question of its liability for the penalty, interest, and attorney's fees. It was agreed between the respective attorneys that, in consenting to the judgment for the face of the taxes, the defendant should not thereby be deemed to admit their validity, desiring, as it would seem, to contest, on the ground of their alleged invalidity, the claim for the penalties, interest, and attorney's fees. Judgment was accordingly entered for the plaintiff for the face of the taxes claimed and the amount has been paid.

The arrangement was a wise and judicious one on the part of the attorney-general, as it at once enabled the State and county treasuries to have the amount of the taxes levied, and to proceed for the penalties, interest, and attorney's fees. To have refused such an advantageous arrangement might have subjected him to just animadversion. Every right which the State could under any circumstance have had was fully guarded by the agreement. No conceivable benefit could have arisen to the State by his refusing to accede to it, and, as it has turned out from the decisions in the other cases, great inconvenience and loss would have followed.

The record shows that after the Circuit Court had announced its decision in favor of the defendant and different railway companies in forty other cases, brought to recover alleged delinquent taxes, they agreed to allow judgments to be entered against them for portions of the sums claimed. It was admitted by counsel on the argument that these judgments, amounting to several hundred thousand dollars, were for the face of the taxes; and that any claim in the cases for penalties, interest,

and attorney's fees, was by stipulation to abide the determination of the Supreme Court in the present case.

According to the decision of the court in the Santa Clara case, the assessment upon which the taxes were levied was illegal, as it embraced items not assessable by the Board of Equalization. Of course no penalties for not paying an illegal tax, and no attorney's fees charged for the attempt to collect them, could be recovered, and for a like reason the interest of two per cent. a month claimed could not be demanded. Besides, the statute allows no such interest on delinquent taxes where property is possessed by the delinquent upon which a levy could be made for them. The collector must, on the third Monday of March of each year, make an affidavit that the taxes not marked paid on the delinquent list have not been paid, and that he has been unable to discover any property belonging to, or in the possession of the persons liable to pay the same, from which to collect them. It is only on such delinquent taxes that the two per cent. a month interest is collectible. Since this case has been pending in this court a decision to that effect has been made by the Supreme Court of the State. *People* v. *North Pacific Coast R. R. Co.*, 9 West Coast Rep. 574.